[No. 24190. Department One. August 28, 1933.]

A. W. KLINE, *as Receiver, Appellant,* v. WEST SEATTLE
STATE BANK, *Respondent.*[1]

*Sam L. Levinson,* for appellant.

*McMicken, Ramsey, Rupp & Schweppe* and *Long &
Hammer,* for respondent.

MITCHELL, J.—It is alleged in the complaint, in sub-
stance, that, on February 2, 1931, plaintiff was ap-
pointed, and since has acted, as receiver of the Kirk-
sey Chevrolet Co., a corporation (hereinafter spoken
of as the corporation); that, on January 30, 1930, the
West Seattle State Bank received a deposit to the
credit of the corporation in the sum of sixty-three
hundred dollars, for which the bank issued its savings

[1]Reported in 24 P. (2d) 617.

pass book to the corporation showing the deposit; that, on and since February 24, 1930, the corporation was, and has been, insolvent; that, on each of four different, specified dates, after insolvency and prior to the appointment of a receiver, T. H. Kirksey, being a trustee and president of the corporation and acting in violation of his trust and for his individual benefit, withdrew from the savings account in the bank a stated amount of assets on deposit for the corporation and applied the same on his individual indebtedness to the bank; that the bank accepted and so applied each of said sums with the knowledge that it was an asset of the corporation and thus unlawfully withdrawn and applied by Kirksey; and that, upon demand by plaintiff as receiver, the bank has refused to pay the same or any part thereof. It appears that the four alleged withdrawals of money equal the total amount of the deposit and interest, in which amount judgment was demanded against the bank.

The bank's answer consisted of appropriate general denials, and an affirmative defense, in substance, that the sixty-three hundred dollars involved represented money borrowed from the bank by Kirksey in his own individual right and for which he gave his demand, interest-bearing note in that sum; and that the savings account, nominally to the credit of the corporation, was never an asset of the corporation, because at its very inception and at all times thereafter it was intended to be a deposit conditioned on the payment of the Kirksey note—a condition which was never fulfilled. A reply put in issue the facts alleged in the affirmative defense. On these issues, the trial resulted in findings and conclusions and judgment for the defendant. The plaintiff has appealed.

It is claimed the court erred in finding that the deposit to the credit of the corporation was conditioned

upon the payment of the Kirksey note, and in holding that the condition was valid. It is further claimed on the appeal that the court erred in not finding that the bank was estopped from setting up the real agreement between itself and Kirksey with reference to the condition and the nature of the deposit.

The history and facts of the case, as shown by the written findings, may be stated about as follows: No consideration of any kind ever passed from the corporation to the bank for the savings account, nor was any money ever paid by the bank to Kirksey, or anything given to him, other than four credits, about equal altogether to the face of the original note and interest, at each of which times the deposit account was charged with an amount similar to the credit given on the note.

Kirksey was president and general manager of the corporation, and, upon giving his personal demand note in the sum of sixty-three hundred dollars, took the pass book from the bank showing a credit deposit in that amount in favor of the corporation. As a part of the same transaction, in making and delivering the note and taking the pass book with the credit mentioned, it was orally agreed between Kirksey and the bank that, as a consideration for the note, the bank would open up the savings account in the name of the corporation, expressly conditioned upon the payment of Kirksey's note, and that such conditional credit to the corporation should be pledged to the bank to secure the payment of the note.

Prior to the entering of any credit in the savings account, it was agreed between the bank and the corporation that the corporation should execute and deliver to the bank a withdrawal receipt for the full amount credited in the savings account, and that such receipt should be held by the bank as additional evidence of the bank's right to apply credit towards the

payment of the note, and that the bank might so apply it at any time. Such withdrawal receipt was signed and delivered to the bank.

About February 21, 1930, the note not having been paid, the corporation executed a withdrawal order for two thousand dollars and delivered it to the bank with the understanding that the savings account should be reduced in that sum and a new note in the sum of forty-three hundred dollars should be executed and delivered by Kirksey to the bank to replace the former original note of sixty-three hundred dollars. Pursuant to this agreement, such new note was delivered, the savings account was reduced in the sum of two thousand dollars, and the original note cancelled and delivered to Kirksey. It was orally agreed at that time between the bank and the corporation that, in consideration of the bank accepting the new note, the balance of forty-three hundred dollars remaining in the savings account of the corporation should be held subject to the identical conditions existing at the time the former note for sixty-three hundred dollars was delivered and the savings account conditionally created.

A similar transaction took place with the bank on March 24, 1930, by which the savings account was still further reduced two thousand dollars, leaving a balance of twenty-three hundred dollars for which a new note in that amount by Kirksey was delivered to the bank and the former forty-three hundred dollar note cancelled and delivered to him, at which time it was agreed that the credit of the remaining twenty-three hundred dollars in favor of the corporation should be held by the bank subject to conditions identical with those connected with the creation of the original account.

On June 25, 1930, the savings account was again reduced three hundred dollars in the same manner as former reductions had been made, at which time a new

note for two thousand dollars was given by Kirksey to the bank to be held as a conditional credit in favor of the corporation, like the original account.

In July, 1930, and January, 1931, the bank added small interest items to the savings account, and on or about February 2, 1931, the bank, demanding payment of the last note given by Kirksey, which was not otherwise paid, applied sufficient of the credit balance in the savings account in satisfaction of the note, as the bank had the right to do according to the real agreement with the bank and as evidenced by the written withdrawal receipts given to the bank for that purpose upon the execution of the original and each renewal note.

All the interest paid on each of the notes was paid by Kirksey, and at all times it was well understood between the parties that none of the funds in the credit account should be available to the corporation until the Kirksey note or indebtedness was fully paid. The account and plan of carrying it originated and continued by agreement as an accommodation to Kirksey, who expected at all times to repay the loan to the bank out of personal funds which, it seems, he was confidently expecting from outstanding personal investments, and the corporation never had, nor was it ever intended that it should have, any real interest in the credit given to the bank.

This history of the whole transaction, as already stated, has been carried into written findings of the trial court, which, in our opinion, upon examining the record, are supported and sustained by a clear preponderance of the evidence. Therefore, the entry of the conclusions and judgment of the trial court upon this feature of the case, that is, that the credit or deposit in the bank was conditional and not the property

of the corporation, must be approved, as a matter of fact.

The other branch of the assignment of errors, estoppel against the bank, must also be determined as a matter of fact. No creditor was misled in any way. Upon this subject, the trial court found:

"That the only general creditor's claim shown by the evidence is that of the Chevrolet Motor Company. That the Chevrolet Motor Company was informed in writing on November 28, 1930, of the conditional character of said savings account credit of the said Kirksey Chevrolet Company upon the books of the defendant bank, and that the entire claim of the Chevrolet Motor Company against Kirksey Chevrolet Company postdates the receipt of said written information."

The evidence, by a clear preponderance, supports that finding.

Judgment affirmed.

MILLARD, HOLCOMB, TOLMAN, and BLAKE, JJ., concur.